IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANI PIEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 09642 |
| v. ) | |
| ) | |
| INPAX SHIPPING SOLUTIONS, INC., ) | Hon. John Robert Blakey |
| d/b/a DCH INPAX LLC ) | |
| ) | Magistrate Judge Rowland |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, TIFFANI PIEARSON, by and through her counsel, Lisa Kane & Associates, pursuant to Rule 37 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to compel Defendant to produce certain documents previously sought in Plaintiff's written discovery requests. In support thereof, Plaintiff states as follows:

**I.   Background**

1. Plaintiff is a female who began her employment with Defendant on December 27, 2015 as a delivery associate. (Compl. ¶ 8, Dkt. 1). Throughout the course of Plaintiff's employment with Defendant, Plaintiff endured relentless and persistent sexual advances and demands by her direct supervisor, Derrick Hooks, which were not welcomed by Plaintiff. (Compl. ¶ 10).

2. On October 11, 2016 Plaintiff filed this suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., alleging sexual harassment, and intentional infliction of emotional distress ("IIED"), in violation of the laws of the State of Illinois. (*See* Compl. Dkt. 1).

1

3. On January 4, 2017, Plaintiff served Defendant with written discovery requests, including Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories. Defendant provided its answers and objections to these interrogatories and requests on March 6, 2017. (*See* Plaintiff's First Request for Production of Documents to Defendant; *see also* Defendant Inpax Shipping Solution Inc.'s Responses and Objections to Plaintiff's First Request for Production of Documents to Defendant, attached hereto as **Exhibit B**).

4. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, on March 10, 2017, Plaintiff's counsel apprised defense counsel of the deficiencies in Defendant's responses to document requests. (*See* **Exhibit C**, 3/10/17 letter from Lisa Kane to Nan Rigby). For purposes of this motion, Plaintiff's counsel specifically noted that Defendant failed to produce any documents responsive to Request No. 16 and that Defendant's responses to Request Nos. 2 and 4 were incomplete[1]. (*See* **Exhibit C**).

5. Plaintiff counsel's March 10, 2017, letter further highlighted Defendant's failure to provide a privilege log for all communications withheld pursuant to FED. R. CIV. P. 26(b)(5). (*See* **Exhibit C**).

6. In response to Plaintiff's explanation that Plaintiff remains entitled to the requested documents to support her sexual harassment claim, counsel for Defendant merely requested that Plaintiff provide Defense counsel with citations to case law "as soon as possible so that we may have the opportunity to review the cases and potentially reconsider our position." (*See* **Exhibit D**, 3/17/17 letter from Nan Rigby to Lisa Kane).

---

[1] Request No. 4 sought the personnel files of Plaintiff's supervisors. Request No. 16 sought documents relevant to Defendant's investigation of Plaintiff's complaints of sexual harassment.

2

7. Counsel for Defendant further requested that Plaintiff's counsel provide citations to case law to support her position that a privilege log is mandated or required under the Rules. (*See* **Exhibit D**, 3/17/17 letter from Nan Rigby to Lisa Kane). Accordingly, Plaintiff provided citations to applicable case law detailing the requirement of a privilege log. (*See* **Exhibit E**, 3/22/17 letter from Lisa Kane to Nan Rigby).

8. In compliance with Defense counsel's request, on March 22, 2017, Plaintiff's counsel communicated with counsel for Defendant via e-mail correspondence. (*See* **Exhibit E**). As requested by counsel for Defendant, Plaintiff's counsel provided ample case citations clearly establishing that Plaintiff is entitled to the personnel files of Plaintiff's supervisors, as well as documents relative to Defendant's investigation of Plaintiff's complaints. (*See* **Exhibit E**).

9. Thereafter, counsel for both parties attempted to reconcile the aforementioned discovery dispute during a Rule 37 conference, via telephone, on March 23, 2017. During this meet and confer, Plaintiff's counsel reiterated that Plaintiff remains entitled to the requested documents, citing to applicable case law, provided in the March 22, 2017, correspondence, to support her contention.

10. However, counsel for defendant maintained the position that Defendant would not produce the aforementioned requested documents. Moreover, Defendant's counsel refused to provide a privilege log for documents withheld regarding Defendant's investigation of Plaintiff's complaints of sexual harassment.

11. Based on the foregoing, Plaintiff's counsel has made good faith efforts to secure all responsive documents prior to filing this Motion to Compel in compliance with Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 37.2.

## II.  Standards of Discovery

12.  Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

13.  "Courts construe relevancy to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Bish v. Ind. Harbor Belt R.R.*, 2016 U.S. Dist. LEXIS 156891, at * 3 (N.D. Ind. Nov 14, 2016) (**Exhibit F**), quoting *Oppenheimer Fund, Inc. v. Sanders*, 473 U.S. 340, 351 (1978) (internal quotations omitted).

14.  A district court has broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002).

15.  Accordingly, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson*, 281 F.3d at 681.

16.  The Court's discovery processes and rules are used to require litigants to produce otherwise private information. *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

## III.  Plaintiff Remains Entitled to Documents Evidencing Defendant's Investigation of Plaintiff's Complaints of Sexual Harassment
### A.  Attorney-Client Privilege is Inapplicable

17.  Plaintiff is entitled to any and all evidence relevant to Plaintiff's claims of sexual harassment and IIED. FED. R. CIV. P. 26(b)(1).

18.  As Plaintiff's Title VII action is based on federal law, federal law governs the

assertion of the attorney-client privilege and the issue of whether that privilege has been waived. *See* FED. R. EVID. 501; *see also Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 312, 318, 2010 U.S. Dist. LEXIS 47002, at *9 (N.D. Ill. May 13, 2010) (**Exhibit G**).

19. The attorney-client privilege "protects confidential communications made by a client to his lawyer where legal advice of any kind is sought from a professional legal advisor in his capacity as such." *Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 312, 318, 2010 U.S. Dist. LEXIS 47002, at * 9 (**Exhibit G**), quoting *Rehling v. City of Chi.*, 207 F.3d 1009, 1019 (7th Cir. 2000) (internal quotations omitted).

20. However, "[t]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 312, 318, 2010 U.S. Dist. LEXIS 47002, at *15 (N.D. Ill. May 13, 2010) (**Exhibit G**), citing *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). "A party should not be able to selectively disclose privileged information that it believes works to that party's advantage while concealing the rest." *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at * 16 (**Exhibit G**).

21. Pursuant to the Supreme Court's decisions in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), an employer defending against a sexual harassment suit may assert an affirmative defense. *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *15 (**Exhibit G**). In order to establish the affirmative defense, the employer must establish: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage

5

of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.

22. Under the work product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3); see also *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at * 12 (**Exhibit G**).

23. Courts "have found that asserting the *Faragher/Ellerth* defenses waives any attorney-client privilege that might apply to a defendant's investigation documents or communications." *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *16 (**Exhibit G**), citing *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 611 (D. Colo. 2008). Accordingly, Defendant's "assertion of *Faragher/Ellerth* defense waived any applicable attorney-client privilege and 'caused any investigation and remedial efforts [. . .] to become discoverable.'" *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *17 (**Exhibit G**), quoting *Walker v. Country of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005).

24. Moreover, "[i]f the investigation or its results is to be used as evidence at trial, then clearly the privilege which it enjoys would be waived." *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *18 (**Exhibit G**), quoting *Fultz v. Federal Sign*, 1995 U.S. Dist. LEXIS 1982, at *2 (N.D. Ill. 1995) (internal quotations omitted). The reasoning behind such a rule is that "[o]ne cannot assert the attorney/client privilege to keep an opponent from discovering facts about an investigation when the investigation is to be used at trial as a defense to defeat the opponent's allegations." *Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *18 (**Exhibit G**), quoting *Fultz*, 1995 U.S. Dist. LEXIS 1982, at *2 (internal quotations omitted).

25. Request for Production No. 16 sought "[a]ll documents relating to, referring to, or evidencing in any way Defendant's investigation of Plaintiff's complaints of sexual harassment." (**Exhibit A**).

26. Defendant objected to Request No. 16 based on relevance, "attorney-client privilege, work product doctrine, joint defense privilege and/or the confidentiality protections of the Illinois Rule of Professional Conduct...." (**Exhibit B**). Defendant asserted, "responsive materials that are privileged are being withheld on the basis of this objection." (**Exhibit B**). In direct contravention of the requirements of Fed. R. Civ. P. 26(b)(5), Defendant failed to provide a privilege log for all responsive documents and communications withheld.

27. During the March 23, 2017, Rule 37 meet and confer telephone conversation, Defendant's counsel reiterated its objections to production of the aforementioned requested documents based on attorney-client privilege and the work product doctrine.

28. Defendant's objections to Request No. 16 are confounding, as Defendant's investigation of Plaintiff's complaints of harassment is a necessary element of Defendant's affirmative defense . *See generally Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

29. Notably, in its Amended Answer to Plaintiff's Complaint, Defendant asserted, "Defendant exercises reasonable care to prevent and correct promptly an allegedly harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise." (Dkt. 16). Clearly, Defendant asserted the *Faragher/Ellerth* affirmative defense. (Dkt. 16); see also *Faragher*, 524 U.S. 775 (1998).

30. Accordingly, Defendant waived any attorney-client privilege that may have applied

7

to Defendant's investigation documents and communication. *See Musa-Muaremi*, 2010 U.S. Dist. LEXIS 47002, at *16 (**Exhibit G**). Therefore, Plaintiff remains entitled to all documents relating to, referring to, or evidencing in any way Defendant's investigation of Plaintiff's complaints of sexual harassment."

### B. Privilege Logs are Required for Documents and Communications Withheld

31. In Plaintiff's March 10, 2017, Rule 37 letter, counsel for Plaintiff noted that Defendant asserted objections to Request Nos. 2, 4 and 16 based on attorney-client privilege, the work product doctrine and the confidentiality protections of Illinois Rule of Professional Conduct 1.6. (**Exhibit C**). However, Defendant failed to provide a privilege log to correspond with the documents withheld pursuant to the asserted attorney-client privilege. Accordingly, Plaintiff requested a privilege log for all documents withheld that are responsive to Plaintiffs requests.

32. In her March 17, 2017, letter, counsel for Defendant asserts that a privilege log is "not necessary or required in every circumstance." (**Exhibit D**). Counsel for defendant maintained this stance during the March 23, 2017 meet and confer telephone conversation. Defendant's counsel proposed providing a date after which all communications and documents relevant to Defendant's investigation of Plaintiff's complaints would be deemed privileged.

33. Contrary to defense counsel's assertion, courts in the Seventh Circuit clearly enunciate that "[d]iscovery opponents must produce a privilege log listing each separate document they claim to be beyond discovery." *Jones v. Hamilton County Sheriff's Dep't*, 2003 U.S. Dist. LEXIS 10100, at *9-10 (S.D. Ind. 2003) (**Exhibit H**), quoting *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84 (N.D. Ill. 1992) (internal quotation omitted).

34. Moreover, under Rule 26(b)(5) of the Federal Rules of Civil Procedure, in order to

"claim a privilege, a party must expressly make the claim and describe the nature of the privileged items to that other parties may assess the claim of privilege." *Schleicher v. Wendt*, 2010 U.S. Dist. LEXIS 48084, at * 7 (S.D. Ind. May 14, 2010) (**Exhibit I**).

35. Rule 26(b)(5) provides:

> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5).

36. Indeed, courts look to the privilege log produced by the discovery opponent in order to resolve discovery disputes. *Jones*, 2003 U.S. Dist LEXIS 10100, at * 9 (**Exhibit H**); see *Coltec Industries, Inc. v. American Motorists Ins. Co.*, 197 F.R.D. 368, 378 (N.D. Ill. 2000).

37. "For each document [withheld], the [privilege] log should identify the date, the author and all recipients, along with their capacities." *Jones*, 2003 U.S. Dist LEXIS 10100, at * 9 (**Exhibit H**). "The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery." *Id.*

38. Accordingly, "to comply with this rule, the party asserting the privilege should list separately each document for which the party asserts privilege, and for each document: (1) identify the date; (2) identify the author and all recipients, along with their capacities; (3) describe the subject

9

matter; (4) describe the purpose of the document's production." *Schleicher v. Wendt*, 2010 U.S. Dist. LEXIS 48084, at * 7-8 (S.D. Ind. May 14, 2010) (**Exhibit I**).

39. Further, "any failure to comply with these directions will result in a finding that the discovery opponents have failed to meet their burden of establishing the applicability of the privilege." *Jones*, 2003 U.S. Dist. LEXIS 10100, at *11 (**Exhibit H**); see also *Allen v. Chi. Transit Auth.*, 198 F.R.D. 495, 498 n. 1 (N.D. Ill. 2001).

**IV. Plaintiff Remains Entitled to Discovery of the Personnel Files of Direct Supervisors**

40. Plaintiff is entitled to any and all evidence relevant to Plaintiff's claims of sexual harassment and IIED. FED. R. CIV. P. 26(b)(1).

41. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

42. "Parties are entitled to broad discovery to investigate and develop their claims and defenses." *Grayson v. City of Aurora*, 2013 U.S. Dist. LEXIS 177933, at * 17-18 (N.D. Ill. Dec. 19, 2013) (**Exhibit J**); see FED. R. CIV. P. 26(b)(1). "Because discovery is concerned with 'relevant information– not 'relevant evidence'- the scope of relevance for discovery purposes is necessarily broader than it is for trial evidence under Federal Rule of Evidence ("FRE") 401." *Grayson*, 2013 U.S. Dist. LEXIS 177933, at * 5 (**Exhibit J**)(internal citation omitted).

43. Further, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues, nor is it limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Grayson*,

2013 U.S. Dist. LEXIS 177993, at *18 (**Exhibit J**), citing *Oppenheimer*, 437 U.S. at 351 (internal quotations omitted).

44. "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Peterson v. Wright Med. Tech., Inc.*, 2013 U.S. Dist. LEXIS 23883, at * 4-5 (C.D. Ill. Feb. 21, 2013) (**Exhibit K**). "If the basis for an objection is lack of relevance, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at * 5 (internal quotation omitted) (internal citation omitted).

45. Moreover, "district courts within this circuit have required the production of personnel files of supervisors [. . .], holding that they may lead to the discovery of admissible evidence." *Modjeska v. UPS*, 2014 U.S. Dist. LEXIS 84212 at * 8 (E.D. Wis. June 19, 2014) (**Exhibit L**).

46. Request for Production No. 4 sought "[a]ll files maintained by Defendant relating to each employee who held a supervisory position over Plaintiff, during the relevant time period, including but not limited to, his or her personnel file and any and all reports pertaining to duties, salaries, bonuses, commissions, salary increases, promotions, transfers, evaluation, discipline, benefits, discharge, resignation or retirement." (**Exhibit A**).

47. Defendant objected to Request No. 4 based on relevance, "attorney-client privilege," "work product doctrine," and "the confidentiality protections of Illinois Rule of Professional

Conduct 1.6." (**Exhibit B**)[2]. During the March 23, 2017, Rule 37 telephone conference, counsel for Defendant reiterated the aforementioned objections and maintained that Defendant would not produce personnel files of supervisory personnel beyond those already produced.

48. Accordingly, Plaintiff remains entitled to the personnel files of her supervisors. *See Bish v. Ind. Harbor Belt R.R.*, 2016 U.S. Dist. LEXIS 156891 at * 7-8 (N.D. Ind. Nov. 14, 2016) (**Exhibit F**).

49. Based on the liberal standard for discovery and the potential support for Plaintiff's sexual harassment and IIED claims, and Defendant remaining the sole entity in possession of the personnel files of Plaintiff's supervisors, Plaintiff remains entitled to the requested documents.

50. This Motion is submitted in good faith, in the interests of justice and not for the purpose of delay.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order compelling Defendant to provide the documents set forth herein, or for such other relief as this Honorable Court deems necessary and proper in the public interest.

Respectfully submitted,

TIFFANI PIEARSON, Plaintiff,

By: s/ Lisa Kane
Lisa Kane, Attorney for Plaintiff

---

[2] Defendant merely produced the personnel files of Derrick Hooks and Kevin Richardson. (**Exhibit B**). Defendant failed to produce personnel files for supervisors Burnell Guyton and Brandon Law.

12

LISA KANE & ASSOCIATES
Attorney for Plaintiff
141 West Jackson Boulevard
Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093
lisakane@sbcglobal.net