1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2             EASTERN DIVISION

3   TIFFANI PIEARSON,              )  Docket No. 16 C 09642
                                   )
4             Plaintiff,           )  Chicago, Illinois
                                   )  April 6, 2017
5        v.                        )  10:23 a.m.
                                   )
6   INPAX SHIPPING SOLUTIONS, INC.,)
    d/b/a DCH INPAX, LLC,          )
7                                  )
              Defendant.           )
8

9       TRANSCRIPT OF PROCEEDINGS - Motion to Compel
         BEFORE THE HONORABLE JOHN ROBERT BLAKEY
10

11  APPEARANCES:

12  For the Plaintiff:    LISA KANE & ASSOCIATES, PC, by
                          MS. LISA R. KANE
13                        141 West Jackson Boulevard
                          Suite 3620
14                        Chicago, IL 60604

15  For the Defendant (via conference call):

16                        WEINBERG, WHEELER, HUDGINS,
                          GUNN  & DIAL, LLC, by
17                        MR. NANCY F. RIGBY
                          3344 Peachtree Road
18                        Suite 2400
                          Atlanta, GA 30326
19
    For the Defendant:    FITZPATRICK & FITZPATRICK, by
20                        MR. WILLIAM F. FITZPATRICK
                          36 West Randolph Street
21                        Suite 301
                          Chicago, IL 60601
22

23  Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
                          Official Court Reporter
                          219 S. Dearborn Street, Room 1728
24                        Chicago, IL 60604
                          (312) 818-6683
25                        lisa_breiter@ilnd.uscourts.gov

1    (In open court.)

2         THE CLERK:  Is there any party here for Piearson vs.

3    Impact Shipping Solutions?

4         MS. KANE:  Yes.

5         MR. FITZPATRICK:  Counsel is here for --

6    (Clerk places telephone call.)

7         MS. KANE:  Good morning, your Honor.  Lisa Kane on

8    behalf of the plaintiff.

9         MR. FITZPATRICK:  Good morning, Judge.  Will

10   Fitzpatrick.  I'm local counsel for the defendant.  I think

11   main counsel is coming on to the phone.

12        THE CLERK:  Good morning.  Ms. Rigby?

13        MS. RIGBY:  Good morning.

14        THE CLERK:  We're ready to call your case, okay?

15        MS. RIGBY:  Okay, great.  Thank you so much for

16   allowing me to appear by phone.

17        THE CLERK:  You're welcome.  16 C 9642, Piearson vs.

18   Inpax Shipping Solutions, Inc.

19        THE COURT:  Good morning.  Appearances, please.

20        MS. KANE:  Good morning, your Honor.  Lisa Kane on

21   behalf of the plaintiff.

22        MR. FITZPATRICK:  William Fitzpatrick, local counsel

23   for the defendant, your Honor.

24        THE COURT:  On the phone?

25        MS. RIGBY:  Nan Rigby --

1          THE COURT:  I'm sorry, could you --

2          MS. RIGBY:  -- for the defendant.

3          THE COURT:  I'm sorry, one more time.

4          MS. RIGBY:  I'm sorry.  My name is Nan Rigby.  I'm

5     lead counsel for the defendant.  I'm appearing by phone because

6     I'm in Cleveland in connection with a trial.

7          THE COURT:  Okay.  Sorry to bother you on trial.

8     Don't worry about appearing by phone.  I try to accommodate

9     that as much as I can, save people some money.

10         We're here on the plaintiff's motion to compel, which

11    is Docket Entry 28.  Do you want to be heard, Counsel?

12         MS. KANE:  Yes, your Honor.  The motion to compel that

13    was filed, we had sent a Rule 37 letter to counsel with regard

14    to personnel files of the supervisors over the plaintiff.

15         In addition, we had also requested the investigative

16    file, as they're claiming an *Ellerth* affirmative defense to a

17    quid pro quo sexual harassment case.

18         Most importantly, the objections made by counsel to

19    date are based on attorney/client privilege.  Yet despite that

20    being the case, counsel for the defense has refused to provide

21    even a privilege log.  And as the case law is clear, the

22    investigative file, if you're going to be claiming there's now

23    a defense, you have to turn over the investigation.

24         I think the problem stems from the fact that counsel

25    for the defense personally did the investigation, and yet is

1  going to be projecting the defense, but won't provide the

2  defense for the plaintiff to be able to address in the

3  discovery of this case.  So that's where we are.

4       THE COURT:  What's your response, Counsel?

5       MS. RIGBY:  Your Honor, thank you.  If I may, we've

6  been clear in our discovery responses that any investigation of

7  the plaintiff's complaint of sexual harassment occurred after

8  she left employment with the company and after the company

9  received her notice of right to sue and after she filed her

10 complaint in this case.

11      This case does not involve a prelitigation

12 investigation that I would agree would be discoverable.  Every

13 bit of the investigation that's been conducted has been

14 conducted either in anticipation of litigation or an actual

15 response to the filed complaint.

16      And to the extent we are relying on the *Ellerth*

17 defense, it's not that we conducted a prelitigation

18 investigation while the plaintiff was employed.  It's the other

19 form of the defense.  Our position has always been that she

20 failed to complain.  And to date, we have not found any

21 evidence of that to support her allegations in that regard.  So

22 we have not waived any privilege by asserting that defense.

23      We've also asserted, in addition to attorney/client

24 privilege, work product doctrine covering basically the entire

25 defense of the case is an investigation into her complaint

1    because that's how we received it, the notice of right to sue

2    and the complaint being filed.  And case law supports our

3    position that everything after a complaint has been filed may

4    not be put on a privilege log, and we provided that to

5    plaintiff's counsel.

6         And lastly, with respect to the personnel files, they

7    would be discoverable for people involved in decision-making

8    with respect to her termination.  I forget the exact language,

9    but case law that's cited does not support a blanket provision

10   of the supervisory file, the supervisory file for those who are

11   alleged to be directly involved in termination decisions.

12        And the two files plaintiff seeks, she does not make

13   that allegation.  And for the allegations regarding the people

14   she does say were involved in her termination decision, we have

15   produced those.

16        THE COURT:  Anything further, Counsel?

17        MS. KANE:  Yes, your Honor.  Well, first, despite the

18   defense that is being propagated by opposing counsel, the fact

19   of the matter is the allegations of this particular quid pro

20   quo sexual harassment case, which are quite egregious, were

21   that she did complain.

22        Most importantly, if we're going to make an argument

23   of privilege, which I think is inappropriate given the defense

24   that's being utilized, at least a privilege log should be

25   provided because apparently we're not even entitled to that.

1   And I think that kind of flies in the face of the rules.

2          Considering the numerosity of objections just on

3   attorney/client privilege, I think there's almost 20 objections

4   just on that basis, yet counsel has yet to provide a privilege

5   log.

6          THE COURT:  Anything else, Counsel?

7          MS. RIGBY:  Your Honor, may I be heard?

8          THE COURT:  Yeah, sure.

9          MS. RIGBY:  Thank you.  Under the rule, it is not

10  absolutely required every single time to provide a

11  document-by-document privilege log.  And we did comply with the

12  requirements where we described the nature of the items not

13  being disclosed in all of the responses where we raised that

14  objection.

15         And again, I would say the undue burden on the

16  defendant to do a document-by-document privilege log of

17  everything that's been created since the complaint was filed

18  and the (unintelligible) of this case would be unduly

19  burdensome in light of the lack of the probable value of the

20  materials to further plaintiff's claims.

21         And further, plaintiff hasn't made the requisite

22  showing under the rule about hardship to her.  She can still

23  depose all the individuals we've identified with likely

24  discoverable knowledge.  And we had four set, and then they've

25  been canceled for various reasons.  So those have not yet even

1    proceeded, and she can ask those witnesses all the factual

2    information they may have relative to this case.

3        But our position is plaintiff is not entitled to

4    basically our defense file that's been created in the defense

5    of the case.

6        THE COURT:  Anything else?

7        MS. KANE:  No, your Honor.  I think that's it.

8        THE COURT:  All right.  The motion to compel will be

9    granted in part.  The defendant is to produce the revised

10   privilege log.  To the degree any privilege has been asserted

11   needs to be properly asserted within a privilege log so we can

12   define the nature of any privilege, whether it be

13   attorney/client or work product, and whether or not the burden

14   of establishing the essential elements of those privileges have

15   been met.

16       The Court's not going to be able to rule on that in

17   the absence of a sufficient record.  So that motion will be

18   granted in part.  The fact discovery cutoff of June 5th and the

19   status date of June 7th remain in place.

20       Anything else the Court needs to address today?

21       MS. KANE:  No.  That will be great.

22       THE COURT:  All right.  Thank you, Counsel.

23       MS. KANE:  Thank you so much, your Honor.

24       MS. RIGBY:  Thank you very much, your Honor.

25       THE COURT:  Thank you.  Good luck to your trial.

1          ATTORNEY 2:  Have a really nice day, Judge.  Thanks.

2     (Concluded at 10:31 a.m.)

3              * * * * * * * * * *

4              C E R T I F I C A T E

5     I certify that the foregoing is a correct transcript of the

6   record of proceedings in the above-entitled matter.

7

8   */s/ LISA H. BREITER*                 *April 13, 2017*
      LISA H. BREITER, CSR, RMR, CRR

9   Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25